**Jeffrey KASARDA, et al., Plaintiffs,**

v.

**Ronald R. TOMASCH, et al., Defendants.**

**Civ. A. No. C81–2230.**

United States District Court,
N. D. Ohio, E. D.

Feb. 1, 1982.

---

Richard J. Marco, Medina, Ohio, for plaintiffs.

John A. Neville, Richard B. Mills, Cleveland, Ohio, for defendants.

## MEMORANDUM AND ORDER

ALDRICH, District Judge.

Before this Court is the defendant City of Cleveland's Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure or in the alternative, a Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Upon consideration of the pleadings and affidavits filed by both parties, the Motion for Summary Judgment is granted.

Plaintiff Jeffrey Kasarda alleges that on July 17, 1981, he and some friends attempted to enter a Cleveland nightspot, the Dixie Electric Company, but were denied access. Tomasch, an off-duty, uniformed Cleveland Police Officer, was, at the time, employed by Dixie Electric Company (also a defendant) as a private security guard. Kasarda alleges that Tomasch, without probable cause or warrant, placed the plaintiff under arrest; handcuffed him; took him to a private room within the establishment and struck him repeatedly causing bodily injury; and moved the plaintiff (still handcuffed) about the premises in plain view of other patrons. Plaintiff further alleges that he was subsequently transported to the police station, held, released to his parents, and later acquitted of aggravated disorderly conduct and resisting arrest in Cleveland Municipal Court.

Plaintiff Kasarda alleges that the defendants, Tomasch; the City of Cleveland; and Edwin Oliveras, owner of the Dixie Electric Company, acted in concert with one another to deprive him of his civil rights. He seeks compensatory and punitive damages from the defendants.

Kasarda argues that the City of Cleveland's policy of allowing policemen to wear their uniforms when they are off-duty and employed by others as private security guards places the officers in a position of apparent authority which exceeds that of the rest of the public, and that the City should not be allowed to escape the adverse consequences of its policy when the officer violates the civil rights of citizens.

Sergeant James Morrison of the Cleveland Police Department, avers that Officer Tomasch was not on duty the evening the alleged incident took place, and that Tomasch's outside employment at the Dixie Electric Company was unrelated to his employment as a police officer.

*Monell v. Dept. of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), holds that a local government cannot be held liable under § 1983 solely on a *respondeat superior* theory. The Court required proof that the injury complained of came about as the result of an employee's execution of a governmental policy or custom.

In the present action, the City was aware that Tomasch had a part-time job as a private security guard, and the City had an official policy which allowed off-duty officers to wear their uniforms when engaged in private security related employment. It is not alleged, however, that the City exer-

cised any supervisory function over that employment. In these circumstances, there is no causal connection between the alleged policy of the City and the injuries sustained by the plaintiff. See *Rizzo v. Goode*, 423 U.S. 362, 365, 96 S.Ct. 598, 601, 46 L.Ed.2d 561 (1976), cited with approval in *Monell, supra*, 436 U.S. at 692, 98 S.Ct. at 2036.

For the reasons set forth above, the defendant City of Cleveland's Motion for Summary Judgment is hereby granted, at plaintiff's costs.

IT IS SO ORDERED.